# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

THEODORE WESSELMANN,

    Plaintiff,

vs.

TYSON FOODS, INC.,

    Defendant.

No. 15-CV-4247-LTS

**ORDER**

## I. INTRODUCTION

The matter before the Court is a motion to compel discovery by defendant Tyson Foods, Inc. (Tyson). Doc. 12.

On July 20, 2016, Tyson filed a motion to compel discovery, stating that plaintiff Theodore Wesselmann (Wesselmann) failed to respond to discovery requests. Wesselmann's answers were more than three months overdue. Tyson requests imposition of sanctions for the costs of filing the motion to compel.

Wesselmann did not file a resistance to the motion, like he did not respond to Tyson's repeated requests to produce discovery.[1] On August 5, 2016, however, after the Court, through staff, sent out an email providing possible hearing dates/times to schedule this matter for a hearing, Wesselmann filed a document entitled "Plaintiff's Certificate of Responding to Defendants' [sic] Discovery Requests." Doc. 13.

---

[1] During the telephonic hearing on Tyson's Motion to Compel, counsel for Wesselmann represented that he filed a "reply" to Tyson's motion "yesterday." Tyson's counsel indicated she had not received any response. Nor had the Court. During the hearing, the Court accessed the file on CM/ECF and noted to the parties that it did not show that Wesselmann had filed any responsive document. Wesselmann's counsel replied that he would simply repeat what he had written in the response during the hearing.

On August 9, 2016, the Court held a telephonic hearing on Tyson's motion. Mr. Willis J. Hamilton appeared for Wesselmann and Kelsey J. Knowles appeared for Tyson. For the reasons that follow, the Court grants Tyson's motion to compel.

## II. FACTUAL BACKGROUND[2]

On December 8, 2015, Wesselmann filed a complaint in this Court alleging that Tyson wrongfully terminated his employment because of a physical disability. Doc. 2. On April 11, 2016, the Court adopted, without change, the parties' proposed Scheduling Order and Discovery Plan. Doc. 9. The deadlines for adding parties, amending pleadings, and for Wesselmann to make his expert witness disclosure have passed. *Id*. The deadline for completion of discovery is December 9, 2016.

On April 11, 2016, Tyson served Wesselmann with interrogatories and a request for production of documents. Exhibit A. Wesselmann's responses were due on May 16, 2016. Wesselmann did not provide responses to the discovery requests by that deadline. Exhibit C.

On May 23, 2016, Tyson's counsel sent a letter to Wesselmann's counsel inquiring about the overdue discovery responses. Exhibit B. Wesselmann's counsel did not reply.

On June 13, 2016, Tyson's counsel sent an email to Wesselmann's counsel, again inquiring about the overdue discovery responses. Exhibit D. The email further requested to schedule a meet and confer conference to discuss discovery responses, proposing a telephone call on June 15th or June 16th. *Id*. Wesselmann's counsel did not reply.

On June 17, 2016, Tyson's counsel called Wesselmann's counsel and spoke with him. Wesselmann's counsel indicated he would check with his paralegal about the status of the discovery responses. Exhibit C, ¶7. Later the same day, the paralegal contacted

---

[2] Because Wesselmann filed no resistance, the Court assumes as true the facts set forth in Tyson's Memorandum in Support of Its Motion to Compel and the exhibits attached thereto.

2

Tyson's counsel and requested "at least" a two-week extension to provide discovery responses. Exhibit E. Tyson's counsel responded by email, granting a two week extension to July 1, 2016, but indicating that it would not likely agree to further extensions. *Id*. July 1 came and went without Wesselmann providing discovery responses, requesting a further extension, or communicating with Tyson's counsel in any way.

On July 13, 2016, Tyson's counsel followed up with another email, summarizing some of the history of Wesselmann's failure to provide discovery responses and indicating that if Tyson did not receive responses by July 15, 2016, it would file a motion to compel. Exhibit F. Tyson's counsel offered to discuss the matter again, but indicated that she did not anticipate agreeing to any further extensions of time. *Id*. Wesselmann's counsel did not respond to this email, nor provide discovery responses.

As noted, on July 20, 2016, Tyson filed the instant motion to compel. Consistent with his practice, Wesselmann filed no response.

During the hearing on August 9, 2016, Tyson's counsel repeated in summary form the history of attempting to obtain discovery from Wesselmann. She indicated that she had received discovery responses in the mail yesterday and, although she has not had an opportunity to thoroughly review them, believes there are still medical records which Wesselmann did not provide. Wesselmann's counsel related that Wesselmann has now provided responses to the discovery requests, that it included more than 400 pages of documents, and that among those documents was Wesselmann's Social Security file which contained medical records. Wesselmann's counsel also asserted that Tyson has its own medical records for Wesselmann as a result of examinations it ordered while Wesselmann was its employee. Wesselmann's counsel stated that counsel had some difficulty in getting information from Wesselmann because he has epilepsy and is unemployed, but emphasized that he is not blaming Wesselmann. When the Court

inquired of Wesselmann's counsel why he repeatedly failed to respond to inquiries from Tyson's counsel, he said he did not have his records in front of him because he was not in his office and cannot offer an explanation.

## III. DISCUSSION

The Eighth Circuit Court of Appeals has explained: "'The purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice.'" *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (quoting *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968)). "The rules are meant to insure that . . . parties can obtain '[m]utual knowledge of all the relevant facts gathered by both parties.'" *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). A party seeking discovery may move for an order compelling that discovery if the other party fails to answer an interrogatory or provide documents in response to a request for production of documents. FED. R. CIV. P. 37(a)(3)(B). A motion to compel must contain a certification that counsel for the moving party in good faith attempted to meet and confer with the party failing to comply with discovery requests in an effort to obtain compliance without court intervention. FED. R. CIV. P. 37(a)(1). *See also* Local Rule 37(a); *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.").

There is no question from the facts that Wesselmann failed to provide timely responses to discovery requests and provided responses only after the Court inquired, through staff, of the parties' availability for scheduling a hearing on Tyson's motion to compel. Most vexing is Wesselmann's counsel's failure to respond to repeated inquiries by Tyson's counsel about the discovery responses. Therefore, the Court finds that Wesselmann failed to timely and fully comply with the discovery requests. The Court

further finds that Tyson's counsel substantially complied with its requirement to make a good faith effort to meet and confer with counsel in an effort to resolve the discovery dispute without court intervention. Accordingly, the Court grants Tyson's motion to compel.

Having granted Tyson's motion to compel, the Court must now determine whether sanctions are appropriate. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Here, the Court found that movant Tyson filed the motion after attempting in good faith to obtain the discovery without court action. During the hearing, Wesselmann's counsel averred that he was unable to provide an explanation or justification because he did not have access to his file.[3] Accordingly, before imposing sanctions, the Court will provide a final opportunity to Wesselmann to show why its failure to provide timely discovery responses was substantially justified or what other circumstances exist that would make an award of expense unjust.

---

[3] It is unclear to the Court why Wesselmann's counsel was unprepared for this hearing.

## IV. CONCLUSION

The Court **grants** Tyson's motion to compel discovery (Doc. 12). No later than Monday, August 15, 2016, Wesselmann shall file with the Court a response setting forth his explanation or justification for failing to timely comply with discovery requests. Also no later than Monday, August 15, 2016, Tyson shall file with the Court an affidavit itemizing the costs and expenses, including attorney's fees, incurred in relation to the filing of and the hearing on its motion to compel (excluding any costs and expenses incurred in responding to this order).

**IT IS SO ORDERED** this 11th day of August, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa