IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| THEODORE WESSELMANN, | Case No. 15-cv-4247-MWB |
| Plaintiff, | **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO EXCLUDE PLAINTIFF FROM DEPOSITION OF TAMMIE SWANSON (EXPEDITED/ EMERGENCY RELIEF REQUESTED)** |
| v. | |
| TYSON FOODS, INC., | |
| Defendant. | |

Plaintiff Theodore Wesselmann was terminated from his job at Tyson Foods, Inc. ("Tyson") in Storm Lake, Iowa after he assaulted coworker Tammie Swanson. Exhibit 1. Now, Wesselmann seeks to depose Ms. Swanson on November 30, 2016, at 1:00 p.m. and refuses to respect Ms. Swanson's wish that he not physically attend her deposition.[1] Based on his prior assault, Ms. Swanson fears for her safety if she is forced to be in Wesselmann's presence. Accordingly, good cause exists to exclude Wesselmann from physically attending Ms. Swanson's deposition, and Defendant respectfully requests the Court order Wesselmann not to physically attend.[2]

## Background

During the investigation into his conduct, Wesselmann claimed he could not recall what happened on September 6, 2014. Exhibit 2. Unfortunately, Ms. Swanson cannot forget. As detailed in Ms. Swanson's Declaration, on September 6, 2014, Wesselmann came to Tyson's

---

[1] Counsel for Defendant attempted to resolve this issue without court intervention by requesting that Mr. Wesselmann agree not to attend Ms. Swanson's deposition. Exhibit 3. Mr. Wesselmann's counsel refused and indicated Defendant would need to seek relief with the Court. Exhibit 3. This Motion followed.

[2] Tyson has no objection to Wesselmann attending by phone and/or taking regular breaks to confer with his counsel during the deposition.

Health Services Department where Ms. Swanson worked as a nurse and specifically asked to speak with her in an exam room. Exhibit 4, Swanson Decl. ¶ 3. Once alone in the room with Ms. Swanson, Wesselmann displayed symptoms of a seizure[3] and then "came at [Ms. Swanson] laughing." Exhibit 4, Swanson Decl. ¶ 4. Wesselmann "put [Ms. Swanson] in a head lock and pulled [her] face near his as if he was trying to kiss [her]." *Id.* After Ms. Swanson was able to pull away, Wesselmann came at her again, put her in a head lock again and tried to grab her chest. *Id.* Wesselmann continued laughing throughout the encounter. Eventually, Ms. Swanson was able to escape from Wesselmann and run out of the exam room. *Id.* Wesselmann pursued her until a male supervisor intervened. *Id.* Not surprisingly, Wesselmann's attack left an impression on Ms. Swanson, including significant fright and anxiety. Exhibit 4, Swanson Decl. ¶ 5. She stopped normal activities because she feared Wesselmann would be waiting for her. *Id.* She felt helpless. *Id.*

Wesselmann brought this suit against Tyson alleging disability discrimination. Ms. Swanson is not a party to this suit, but Wesselmann seeks to depose her. Ms. Swanson is scheduled to be deposed Wednesday, November 30, 2016, at 1:00 p.m. Although Ms. Swanson cooperated in arranging a date and time for her deposition,[4] she fears for her personal safety and does not want Wesselmann physically present.

## Argument

Rule 26(c)(1)(E) allows the Court to issue a protective order protecting a party or person from annoyance, embarrassment, oppression or undue burden or expense including "designating

---

[3] Wesselmann suffered from a seizure disorder throughout his employment with Tyson.

[4] Ms. Swanson is a current Tyson employee, and Tyson is providing representation for purposes of Ms. Swanson's deposition and this Motion. Tyson's counsel assisted in arraigning the date and time for Ms. Swanson's deposition to avoid having her subpoenaed for an inconvenient time.

- 2 -
Case 5:15-cv-04247-LTS-CJW   Document 23-1   Filed 11/22/16   Page 2 of 4

the persons who may be present while the discovery is conducted." "[I]t is clear that the court clearly has the power to exclude even a party." *Frideres v. Schiltz*, 150 F.R.D. 153, 158 (S.D. Iowa 1993). Excluding a party from a deposition is appropriate when the court balances the relative interests and finds the presence of a party during a deposition would cause severe distress for the deponent and appropriate measures can mitigate any prejudice the excluded party may suffer. *See e.g., Frideres v. Schiltz*, 150 F.R.D. 153, 157 (S.D. Iowa 1993) (prohibiting deposition of non-party based upon non-party's health condition and discussing potential for deposition without parties in attendance as future remedy); *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 3-4 (D.D.C. 2008) (prohibiting individual corporate representatives from attending deposition where plaintiff accused individuals of harassment and demonstrated severe distress at their presence and extending time of deposition to permit ten-minute breaks every hour to allow counsel to confer with corporate representatives); *In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D. La. 1991) (excluding specific corporate representative in part because deponent might be intimidated by individual's presence).

As Ms. Swanson's Declaration demonstrates, she fears being in the same room with Wesselmann. Exhibit 4, Swanson Decl. ¶ 6. She has good reason after he attacked her in September 2014. *See E.E.O.C. v. Danka Indus., Inc.*, No. 4:96-CV-323 (CEJ), 1997 WL 375306, at *1 (E.D. Mo. Apr. 16, 1997) (granting protective order to exclude supervisor who allegedly committed verbal and physical sexual harassment). Ms. Swanson is not a party in this case and as a non-party should not be subject to distress and fear from Wesselmann physically attending her deposition. There are numerous ways Wesselmann can actively participate in Ms. Swanson's deposition without physically attending including, but not limited to, participating by telephone or taking regular breaks to confer with his counsel regarding the deposition. *See, e.g.,*

*Smith*, 253 F.R.D. at 3-4. *See also, Troutman v. Washburn*, 197 A.D.2d 876, 876, 602 N.Y.S.2d 476, 477 (1993) (finding plaintiff was not prejudiced by being excluded from deposition where plaintiff had audio access to questioning and was able to consult with counsel). It is not appropriate that Wesselmann victimizes her again after creating tremendous anxiety by assaulting her.

Respectfully submitted,

BELIN McCORMICK, P.C.

By _/s/ Michael J. Knowles_    *Lead Counsel*
Michael R. Reck
Kelsey J. Knowles
Espnola F. Cartmill

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4645
Facsimile: (515) 558-0645
E-mail:  mrreck@belinmccormick.com
kjknowles@belinmccormick.com
efcartmill@belinmccormick.com

ATTORNEYS FOR DEFENDANT TYSON FOODS, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on November 22, 2016, by

✓ Electronic Filing System    Other _____

Willis J. Hamilton
HAMILTON LAW FIRM, P.C.
P.O. Box 188
606 Ontario Street
Storm Lake, IA 50588
willis@hamiltonlawfirmpc.com

Signature: _/s/ Shannon Olson_

T0345\0049\(02540589)